■ ABALENE PEST CONTROL SERVICE, INC., Respondent, v. EUGENE H. POWELL, Appellant.— In an action by the assignee of a contract of employment to restrain a former employee of the assignor from violating the provisions of restrictive covenants in the contract, and for an accounting, the appeals are (1) from so much of an order entered May 23, 1958 as granted in part respondent's motion for an injunction *pendente lite* and (2) from an order entered June 3, 1958 which denied appellant's cross motion to dismiss the complaint for insufficiency pursuant to rule 112 of the Rules of Civil Practice. Order entered May 23, 1958, insofar as appealed from, and order entered June 3, 1958 affirmed, with one bill of $10 costs and disbursements. If, as contended by appellant, the restrictive covenants in the contract were unenforcible by the assignee in the absence of appellant's consent to the assignment, it does not appear upon the face of the complaint that the assignment was without such consent. On the contrary, the complaint alleges that the contract was duly assigned. The word " duly " in legal parlance means

" according to law " and the allegation is sufficient to show that whatever was necessary to constitute a valid assignment was done (*Levy* v. *Cohen*, 103 App. Div. 195, 198). Whether or not the covenants by appellant not to compete with respondent's assignor after the termination of his employment, were assignable, without his consent, depends on the intention of the parties in entering into the agreement. The court will be in a better position, after a trial, to determine with finality whether such covenants were intended to be entirely independent of appellant's agreement to perform personal services for respondent's assignor and were made for the benefit of the business in which respondent's assignor was engaged, to be transferred on a sale of the business and good will to a purchaser, without appellant's consent, or whether they were so involved with the performance of such services and with relations of personal confidence that the parties could not have intended that they should be enforced by anyone but respondent's assignor. We are unable to say on the record presented, however, that the granting of an injunction *pendente lite* was an improvident or improper exercise of discretion (cf. *Horsfall* v. *Schuler*, 217 App. Div. 146, 147). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.