■ JANE E. JONES, as Administratrix of the Estate of JOHN JONES, Deceased, Respondent, v R. S. R. CORPORATION, Defendant, and REVERE SMELTING AND REFINING CORPORATION OF NEW JERSEY, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 10, 1986 in Sullivan County, which denied a motion by defendant Revere Smelting and Refining Corporation of New Jersey to vacate a default judgment entered against it.

In February 1984, plaintiff's husband, John Jones (hereinafter decedent), was killed in an explosion which occurred during the course of his employment. Several other individuals were either killed or seriously injured in the accident. According to an affirmation of plaintiff's attorney contained in the record, decedent was an employee of defendant Revere Smelting and Refining Corporation of New Jersey at the time of his death. It is uncontested that plaintiff has been receiving workers' compensation benefits as a result of the accident. Nevertheless, on January 27, 1986, plaintiff commenced this action against, among others, Revere Smelting by service of a summons and complaint upon the Secretary of State. Due to the complexity and multiplicity of lawsuits arising out of the February 1984 accident, Revere Smelting's insurer was delayed in determining which suits it was required to defend. As a result, an answer was not served in this action until April 9, 1986. Plaintiff rejected the answer as untimely and subsequently moved for a default judgment. The motion was

granted and a default judgment was entered against Revere Smelting on May 5, 1986. In June 1986, Revere Smelting made a motion to vacate the default. The motion was denied and this appeal ensued.

In-house problems of a defendant's insurer are akin to law office failure, and this court generally defers to the discretion of the court reviewing the motion to vacate a default based on such failures (see, *Elgart v Raleigh Hotel Corp.,* 115 AD2d 165; *MacFarland Bldrs. v Raymond E. Kelley, Inc.,* 107 AD2d 972; see also, *Guido v New York Tel. Co.,* 133 AD2d 1005). The meritorious defense asserted here, however, was that plaintiff was receiving workers' compensation benefits. Workers' compensation benefits are the exclusive remedy which may be sought against an employer for injuries sustained in the course of employment (*Burlew v American Mut. Ins. Co.,* 63 NY2d 412; *Cunningham v State of New York,* 60 NY2d 248; *O'Rourke v Long,* 41 NY2d 219). It appears evident from the record that decedent was in the employment of Revere Smelting at the time of the accident. Indeed, before the present action was commenced, plaintiff's attorney, in an affirmation in support of an application directing disclosure, stated that decedent was an employee of Revere Smelting. Further, Revere Smelting's delay in serving an answer was minor and no prejudice has been shown. Under these circumstances, and particularly in light of the important policy considerations underlying the Workers' Compensation Law, we conclude that it was an abuse of discretion for Supreme Court to refuse to vacate the default (*cf., Murray v City of New York,* 43 NY2d 400, 407).

Order reversed, on the law, without costs, motion granted and default judgment vacated upon the condition that an answer be served within 20 days after service of a copy of the order to be entered upon this decision with notice of entry. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.