■ SPECIAL PRODUCTS MANUFACTURING, INC., Respondent, v THADDEUS F. DOUGLASS, Also Known as THADDEUS F. DLUGOSZ, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered May 18, 1989 in Broome County, which, *inter alia,* granted plaintiff's motion for a default judgment and directed an inquest on the issue of damages.

Defendant, a highly and uniquely trained representative for Page-Wilson Corporation and its successor, plaintiff, serviced hardness-testing machinery. On August 12, 1982 and April 12, 1983, defendant signed two employment agreements which governed the terms and conditions of his employment with Page-Wilson and also included restrictive covenants. The first agreement prohibited defendant, while he was working and for a period of one year immediately following his job termination, from using to Page-Wilson's detriment any customer lists or other intellectual property acquired from his job; the second prevented defendant, for a similar time period, from "accept[ing] employment from, or serv[ing] in a consulting or similar capacity with, any other business entity which is at such time engaged in a business similar to the business of Page-Wilson Corporation at the time of termination of [defendant's] employment". In April 1987, Canrad Corporation purchased all assets and contractual rights of Page-Wilson, including defendant's two employment agreements. Plaintiff, a wholly owned subsidiary of Canrad Corporation, assumed plant operations. Defendant worked for plaintiff until his resignation in February 1988.

Shortly thereafter, plaintiff commenced the instant action. In its complaint, plaintiff alleged that prior to defendant's resignation he affixed his name and home telephone number to the machines he serviced, so that the ensuing maintenance calls would reach him personally, and that following his retirement defendant established a competing business and actively solicited plaintiff's clientele. The summons and complaint were served on November 9, 1988. On November 29, 1988 defense counsel, an attorney licensed to practice in Pennsylvania, telephoned plaintiff's counsel to request an extension of time in which to file an answer. By letter dated December 6, 1988, plaintiff's counsel stated that he was not authorized by his client to grant an extension and advised that an answer was due no later than December 12, 1988. Defendant did not respond or file an answer.

On February 23, 1989, plaintiff sent defendant notice pursuant to CPLR 3215 (f) warning that unless an answer was forthcoming within 20 days, a default judgment would be taken. Again there was no response. Plaintiff's motion dated March 21, 1989 for entry of a default judgment apparently stirred defendant, for on April 11, 1989 a motion seeking an extension of time to file an answer was made. Both motions were heard at the same time. Supreme Court denied defendant's motion and awarded plaintiff a default judgment. This appeal ensued; we affirm.

To prevail on a motion to extend the time in which to serve an answer, a defendant must demonstrate a reasonable excuse for the delay (CPLR 3012 [d]). That has not been done. Whether a proffered excuse is reasonable is a matter within the sound discretion of the trial court *(Perellie v Crimson's Rest.,* 108 AD2d 903, 904). This discretion is circumscribed, however, where, as here, the extension motion follows a motion for relief based on the default *(cf., Cefala v Basila,* 95 AD2d 889). Given this constraint, Supreme Court cannot be faulted for refusing to grant defendant's motion. The five-month delay was occasioned by inexcusable law office failure. Moreover, there are uncontradicted averments that defendant intended to prolong the litigation in an effort to hamper plaintiff's attempt to collect a judgment from him. Intentionally and willfully occasioned delay further militates in favor of denying defendant's motion *(cf., Perellie v Crimson's Rest., supra,* at 904; *Murphy v Hall,* 24 AD2d 892).

Furthermore, no viable meritorious defense to plaintiff's complaint is put forth. Although there is no statutory mandate that defendant demonstrate a meritorious defense under CPLR 3012 (d) in cases of short delay *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3012.18; *cf.,* CPLR 5015 [a]), the merits of the case are appropriately considered where a lengthy delay effectively transforms the application into a motion to vacate a default *(see, Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953; *Wurzburger v Smith Fuel Co.,* 101 AD2d 620).

We perceive no merit in defendant's claims that the employment agreements are not binding because consideration therefor is lacking or not recited. Nor are we persuaded by the contention that because defendant entered into the agreements with Page-Wilson, they are unenforceable by plaintiff. In an uncontradicted affidavit based upon personal knowledge, plaintiff's vice-president of sales avows that plaintiff acquired all of Page-Wilson's contract rights, including defendant's. Defendant's consent was not required to effectuate this trans-

fer. When the original parties to an agreement so intend, a covenant not to compete is freely assignable (6 NY Jur 2d, Assignments, § 11, at 246; *see, e.g., Abalene Pest Control Serv. v Powell,* 8 AD2d 734, 735). Here, such intent is unmistakenly evident in the first employment agreement which expressly "inure[s] to the benefit of the successors and assigns of Page-Wilson Corporation". And, while the second document contains no similar provision, neither does it specifically forbid assignment. Because executory contracts, which do not involve exceptional personal skills on the part of the assignor and which the assignee can perform without adversely affecting the rights and interests of the adverse party, are freely assignable absent a contractual, statutory or public policy prohibition *(see,* General Obligations Law § 13-101; *see also,* 6 NY Jur 2d, Assignments, § 5, at 238), a clear and unambiguous prohibition is essential to effectively prevent assignment *(see,* 6 NY Jur 2d, Assignments, § 10, at 244-245).

Accordingly, the assignment to plaintiff perpetuated the restrictive covenant provision, the very terms of which defendant violated without justification. Defendant's remaining contentions do not merit discussion.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.