■ CAROL F. BEDARD, Individually and as Administratrix of the Estate of EDMOND J. BEDARD, Deceased, Appellant, v GEORGE P. NAJIM, Respondent. [635 NYS2d 790] —Cardona, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered November 14, 1994 in Clinton County, which, *inter alia*, granted defendant's motion for leave to serve an answer.

Plaintiff commenced this wrongful death action on November 9, 1993 alleging that her husband, decedent, contracted fatal bacterial endocarditis as a result of negligence and malpractice committed by defendant, a dentist. After defendant received the complaint, he phoned plaintiff's attorneys to discuss the action. One of plaintiff's attorneys informed defendant that he should notify his malpractice carrier of the lawsuit and retain counsel. The attorney also told defendant that he would not discuss the matter directly with defendant "due to the ethical issues involved". The following day, defendant sent a letter to plaintiff's attorneys explaining why he felt the action was unwarranted, enclosing decedent's medical records and

requesting, in effect, that the action be discontinued. Thereafter, defendant's wife made several attempts to contact plaintiff's attorneys to discuss the case. Defendant retained an attorney in the latter part of February 1994. A few weeks later, in early March 1994, an answer to the complaint was submitted by defendant's attorney. This answer was later rejected as untimely. Defendant then moved for, *inter alia*, an order compelling plaintiff to accept the late answer. Plaintiff cross-moved for, *inter alia*, a default judgment. Supreme Court granted defendant's motion for leave to serve a late answer and denied the cross motion for a default judgment. Plaintiff appeals.

On a motion to extend the time in which to serve an answer, the movant must demonstrate a reasonable excuse for the delay (CPLR 3012 [d]; *see, Special Prods. Mfg. v Douglass*, 159 AD2d 847, 848). The determination of "[w]hether a proffered excuse is reasonable is a matter within the sound discretion of the trial court" (*Special Prods. Mfg. v Douglass, supra*, at 848).

In reviewing the record, we note that defendant appeared in the action* and attempted to communicate with plaintiff's attorneys in order to resolve the matter without success. These actions bespeak an intention by defendant to participate in the action. Under the circumstances of this particular case, and in view of plaintiff's "failure * * * to demonstrate any prejudice attributable to the delay and the policy preference for resolving claims on their merits" (*Zablocki v Straley*, 173 AD2d 1015, 1016), we cannot say that Supreme Court abused its discretion by excusing defendant's untimeliness and denying plaintiff's cross motion for a default judgment.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While not an answer, defendant's letter should have been deemed a *pro se* appearance (*see, Meyer v A & B Am.*, 160 AD2d 688, 689).