■ YAYIN CHU-REIMER et al., Appellants, v METPATH, INC., Now Known as CORNING CLINICAL LABORATORIES, INC., Respondent. [642 NYS2d 389] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered March 27, 1995 in Albany County, which, *inter alia*, denied plaintiff's motion for a default judgment.

Plaintiff Yayin Chu-Reimer and her husband commenced this personal injury action in October 1994 alleging, *inter alia*, that defendant's employees were negligent in their attempts to draw blood from Reimer's arm, causing her to sustain serious injuries. The complaint was served upon the Secretary of State's office on October 19, 1994 and defendant's answer was required to be served on or before November 18, 1994.

---

* The record indicates that plaintiff later married Tritchew.

Defendant's legal administrator forwarded the summons and complaint to its insurer on October 31, 1994 for assignment to counsel and representation. The pleadings were sent to the insurer's Syracuse claims office and no more was heard about the matter until mid-February 1995, when defendant claims that it learned that no answer had been forthcoming.

A February 22, 1995 request by defendant for an extension of time to answer was ultimately rejected and defendant's submission of an answer and amended answer were returned by plaintiffs' counsel as untimely. Defendant then moved for an order compelling plaintiffs to accept the answer and amended answer, and plaintiffs made a cross motion for a default judgment in their favor. Supreme Court granted defendant's motion, conditioned on the payment of a monetary sanction, and denied plaintiffs' cross motion. This appeal by plaintiffs followed.

We affirm. Plaintiffs contend that their motion for a default judgment should have been granted because defendant failed to establish a reasonable excuse for its default and a sufficient showing of merit (*see, West Shore Bldrs. v Staller,* 221 AD2d 881). With respect to the issue of reasonable excuse, we note that defendant's insurer admits that defendant promptly notified it of the action and that the failure to timely answer the complaint was solely due to its own clerical error. Inasmuch as "[i]n-house problems of a defendant's insurer are akin to law office failure * * * this court generally defers to the discretion of the court reviewing [a motion] based on such failures" (*Jones v R. S. R. Corp.,* 135 AD2d 900, 901). There is no reason to conclude that Supreme Court abused its discretion in finding that a reasonable excuse was presented. Moreover, the allegations set forth in an affidavit from one of defendant's employees are sufficient to demonstrate the existence of potentially meritorious defense to the action. In view of the lack of any claim of prejudice by plaintiffs, or of any indication that defendant intended to abandon the action, the relief granted was not inappropriate (*see, Morales v City of New York,* 172 AD2d 430, 432; *cf., Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 866-867).

Plaintiffs' remaining arguments have been reviewed and found to be unpersuasive.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.