■ RICARD BARDI, Appellant, v ROBERT V. MOSHER et al., Respondents. [653 NYS2d 45] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered May 5, 1995 in Warren County, which denied plaintiff's motion for a default judgment.

Plaintiff commenced this action against defendants, the owners of the property adjacent to his, alleging, *inter alia*, that they created a nuisance on their property by housing pigs in close proximity to plaintiff's residence. Defendants were served with the summons and complaint on April 7, 1994. By letter dated April 26, 1994, addressed to Supreme Court, defendants, who were unrepresented by counsel, requested an extension of the time to answer the complaint. On May 11, 1994, they submitted a *pro se* request for judicial intervention. On May 12, 1994, the Warren County Clerk advised defendants that while the papers would not be accepted as a request for judicial intervention because they were not in the proper format, they would be filed as an answer.

In February 1995, plaintiff made a motion for default judgment. On or about March 1, 1995, defendants served an affidavit in answer to the complaint. Shortly thereafter, they retained counsel to represent them in the action. Defendants' counsel submitted papers in opposition to plaintiff's motion, including a proposed answer to the complaint. While the motion was pending before Supreme Court, plaintiff rejected the proposed answer as untimely and unverified. Thereafter, Supreme Court denied plaintiff's motion. Plaintiff appeals.

The record discloses that plaintiff initiated this action on a *pro se* basis and that defendants initially responded in like manner. Defendants did not comply with the provisions of the CPLR in responding to the complaint. Nevertheless, they attempted to appear in the action and their default was neither intentional nor the result of bad faith (*see, Bedard v Najim*, 222 AD2d 979, 980; *Thomas v Callahan*, 222 AD2d 1070; *Key Bank v Lammers*, 191 AD2d 615, 616; *Meyer v A & B Am.*, 160 AD2d 688, 689). In addition, defendants diligently sought to retain counsel upon realizing that they could no longer handle the matter on a *pro se* basis. In view of this, as well as the fact that defendants may well have a meritorious defense to the action, we conclude that Supreme Court did not abuse its discretion in denying the motion. We have considered plaintiff's remaining contentions and find them to be without merit.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.