■ DE NOOYER CHEVROLET, INC., et al., Appellants, v POL-SINELLO FUELS, INC., Respondent. [674 NYS2d 490] —Graffeo, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 24, 1997 in Albany County, which, inter alia, denied plaintiffs' motion for a default judgment.

As a result of a petroleum spill in 1994, plaintiffs initiated this action in March 1997 for injunctive relief and monetary damages. Defendant was served on April 10, 1997 and promptly sent the complaint to its insurance agency, Cool Risk Management Services, who in turn forwarded the document to defendant's insurance carrier, CNA, on April 14, 1997. Apparently a misunderstanding developed, with Cool believing that CNA would retain counsel and interpose an answer on behalf of defendant and CNA assuming that Cool was aware of its denial of coverage. CNA sent the matter to its counsel for a second coverage evaluation and eventually on June 24, 1997 it retained counsel on behalf of defendant. When defense counsel telephoned plaintiffs' attorney to request an extension of time in which to answer, she was advised that a motion for default judgment had been submitted. Defendant cross-moved for an order to extend its time for answering the complaint pursuant to CPLR 3012 (d) and 2004.

Pursuant to CPLR 3012 (d), a motion to extend the time to serve an answer may be granted upon a showing of reasonable excuse for delay or default and is addressed to the sound discretion of the trial court (see, Bedard v Najim, 222 AD2d 979; Sci-

---

*elzi v Gold*, 213 AD2d 872). Defendant timely delivered the complaint to its insurance agent who then sent it to CNA. Thereafter, defendant and Cool believed that CNA intended to retain counsel to interpose an answer to the complaint. Notwithstanding the fact that CNA had issued a letter to defendant disclaiming coverage in March 1995, CNA continued discussions regarding the possibility of settlement with plaintiffs' attorney for one year prior to the default motion. CNA contends that it proceeded under the mistaken belief that plaintiffs would not move for a default before CNA received an attorney's coverage opinion. It is apparent from the record that the parties' motions were precipitated by miscommunications. Under these circumstances, Supreme Court did not abuse its discretion in its determination that defendant demonstrated a reasonable excuse for its default (*see, Yayin Chu-Reimer v Metpath, Inc.*, 227 AD2d 860; *Jones v R.S.R. Corp.*, 135 AD2d 900). Defendant also manifested a meritorious defense by claiming that another entity had moved and reinstalled the fuel pumps and that it did not have exclusive control over the instrumentality which allegedly leaked gasoline. Moreover, plaintiffs' contention that they were prejudiced by defendant's delay in answering the complaint is rejected since the delay was of short duration.

Based on the totality of the circumstances and the public policy favoring resolution of cases on the merits, Supreme Court did not abuse its discretion in extending defendant's time to answer (*see, Heinrichs v City of Albany*, 239 AD2d 639; *Van Man Adhesives Corp. v City of New York*, 236 AD2d 465) or in its denial of plaintiffs' motion for costs and sanctions since the delay was not shown to involve willful conduct (*see, Matter of Crawford v Perales*, 205 AD2d 307, *appeal dismissed* 84 NY2d 987).

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.