■ EISNER COMPUTER SOLUTIONS, LLC, Appellant, v JOSEPH GLUCKSTERN, Respondent. [741 NYS2d 511] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about August 21, 1998, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, to deny defendant's motion with respect to plaintiff's first cause of action for breach of contract and to reinstate that cause, and otherwise affirmed, without·costs.

The motion court dismissed plaintiff's breach of contract cause of action upon the ground that there was no privity of contract between defendant and plaintiff, the alleged assignee of the contract sued upon between defendant and plaintiff's alleged predecessor in interest. The court apparently concluded that the contract alleged was not assignable since it was one for personal services and was silent as to its assignability. However, although personal services contracts are not freely assignable, the agreement sued upon is a covenant not to compete, which is distinguishable from a personal services contract (*see, e.g., Norman Ellis Corp. v Lippus,* 13 Misc 2d 432), and one which may have been assignable without defendant's consent (*see, Abalene Pest Control Serv. v Powell,* 8 AD2d 734, 734-735). That the contract is silent about its assignability does not mean it is unassignable (*see, e.g., Special Prods. Mfg. v Douglass,* 159 AD2d 847, 849). Accordingly, it cannot be said at this juncture that there was a legal impediment to the assignment alleged.

While we reinstate plaintiff's contract cause, we affirm the dismissal of its cause for injunctive and declaratory relief to assure the anti-competitive agreement's prospective enforcement, since the agreement has by its terms expired. Concur—Tom, J.P., Sullivan, Rosenberger and Friedman, JJ.