**32** RALPH H. WILLIAMS SR. et al., Plaintiffs, v CHARLEW CONSTRUCTION COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. PHILIP RAYMONDA, Third-Party Defendant-Respondent. [918 NYS2d 764]—

Kavanagh, J.

In April 2006, plaintiff Ralph H. Williams Sr. allegedly fell and sustained various injuries while hanging drywall at a construction site in Rensselaer County. Williams and his spouse, derivatively, thereafter commenced two actions—one against the general contractor for the project and one subcontractor, and the other against another subcontractor—asserting violations of Labor Law §§ 200, 240 and 241. Those actions subse-

quently were consolidated and, in December 2009, the matter was resolved by settlement.

In the interim, defendants commenced a third-party action against Philip Raymonda* in August 2009 alleging, among other things, that Williams was Raymonda's "sub subcontractor" and, hence, it was Raymonda who directed and controlled the injury-producing work. Service upon Raymonda was effected under CPLR 308 (2) and (4). When no response was forthcoming, defendants, by letter dated September 30, 2009, requested that Raymonda serve an answer within 10 days. Raymonda responded by letter within that time frame, asserting that Williams did not work for him. Defendants deemed this response to be insufficient and ultimately moved for, among other things, a default judgment. Raymonda opposed defendants' application and cross-moved for leave to serve an amended answer. Supreme Court, among other things, denied defendants' motion for a default judgment and granted Raymonda's cross motion for leave to serve an amended answer, and this appeal ensued.

We affirm. Contrary to defendants' assertion, Raymonda's October 4, 2009 letter, bearing the caption and file number corresponding to the third-party action, asserting a general denial of liability and, in essence, asking that the action against him be discontinued, was sufficient to constitute both an appearance and a pro se answer (*see generally Matter of Sessa v Board of Assessors of Town of N. Elba*, 46 AD3d 1163, 1164 [2007]; *USF&G v Maggiore*, 299 AD2d 341, 343 [2002]). Furthermore, Raymonda's submissions in opposition to defendants' motion for a default judgment establish a reasonable excuse for the brief delay and the existence of a meritorious defense (*see Rickert v Chestara*, 56 AD3d 941, 942 [2008]; *Aabel v Town of Poughkeepsie*, 301 AD2d 739, 739-740 [2003]; *De Nooyer Chevrolet v Polsinello Fuels*, 251 AD2d 871, 871-872 [1998]; *Bardi v Mosher*, 235 AD2d 869, 870 [1997]; *Bedard v Najim*, 222 AD2d 979, 979-980 [1995]). Accordingly, under the particular facts of this case, we cannot say that Supreme Court abused its discretion in either denying defendants' motion for a default judgment or granting Raymonda's cross motion for leave to serve an amended answer.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The third-party action was commenced against one Philip Raymundo, but defendants' subsequent motion to, among other things, amend the third-party complaint to reflect the correct spelling of Raymonda's name was granted to that extent.