■ STEVEN CARRINGTON, Appellant, v PH SUPERINTENDENT MOORE, as Hearing Officer, et al., Respondents. [999 NYS2d 775]—

Egan Jr., J. Appeal from an order of the Supreme Court (Melkonian, J.), entered October 3, 2013 in Ulster County, which, among other things, denied plaintiff's motion for a default judgment.

In September 2010, plaintiff, an inmate, commenced this action pursuant to 42 USC § 1983 against defendants, various employees of the Department of Corrections and Community Supervision, claiming a deprivation of his rights as the result of a positive urinalysis report. Plaintiff served a copy of the summons and complaint upon the named defendants in accordance with an order of the Supreme Court permitting an alternative form of service pursuant to CPLR 308 (5). Neither plaintiff's affidavit requesting the alternative form of service nor the subsequent order addressed the need to serve the Attorney General's office as well (*see* CPLR 307).

After defendants failed to appear, plaintiff moved for a default judgment pursuant to CPLR 3215. Defendants thereafter moved to dismiss the complaint, alleging a lack of jurisdiction because of the failure to serve the Attorney General. Supreme Court dismissed the complaint, finding that it lacked jurisdiction based upon Correction Law § 24, which requires that negligence actions against state correction officers be com-

---

menced in the Court of Claims. Plaintiff appealed and this Court reversed, noting that this statutory provision may not bar actions brought pursuant to 42 USC § 1983 (104 AD3d 1091 [2013]). Upon remittal, plaintiff again moved for a default judgment, and defendants moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court denied plaintiff's motion for a default judgment and granted defendants' motion to dismiss the complaint, prompting this appeal.*

We affirm. Defendants' excuse for having defaulted in appearing—that the Attorney General's office was not served with a copy of the summons and complaint—was reasonable (see CPLR 307), and defendants established the existence of a potentially meritorious defense to the complaint (see generally Puchner v Nastke, 91 AD3d 1261, 1261-1262 [2012]; Williams v Charlew Constr. Co., Inc., 82 AD3d 1491, 1492 [2011]). Accordingly, under the particular facts of this case, we cannot say that Supreme Court abused its discretion in denying plaintiff's motion for a default judgment. Plaintiff's remaining claims have been considered and found to be without merit.

Garry, J.P., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, without costs.

* Plaintiff has not briefed Supreme Court's dismissal of the complaint for a failure to state a cause of action and, thus, has abandoned any argument related thereto (see Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1357 [2013]; HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975 n [2013], lv dismissed 21 NY3d 956 [2013]).