■ Scott Aabel et al., Appellants, v Town of Poughkeepsie, Respondent. (And Two Other Related Actions.) [753 NYS2d 201] —Rose, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 7, 2002 in Ulster County, which, inter alia, denied plaintiffs' motion for a default judgment.

These negligence actions arise out of a March 7, 2000 collision between a motorcycle operated by plaintiff Scott Aabel and a car operated by Dee S. Delmonte. Plaintiffs commenced their action against defendant on April 23, 2001, and served the summons and complaint on May 2, 2001. After defendant failed to appear or answer, plaintiffs moved on June 14, 2001 for a default judgment. On August 2, 2001, defendant appeared by counsel at a preliminary conference and, on August 27, 2001, while plaintiffs' motion was still sub judice, defendant cross-moved to, inter alia, vacate its default in interposing an answer. Finding that defendant had both a reasonable excuse for its delay and one or more potentially meritorious defenses, Supreme Court denied plaintiffs' motion and granted defendant's cross motion. Plaintiffs now appeal.

Considering defendant's cross motion in the context of CPLR 3012 (d), we affirm. Public policy favors the resolution of cases on the merits (*see Fishman v Beach*, 246 AD2d 779, 780), and Supreme Court was vested with the discretionary authority to permit late service of an answer upon a showing of reasonable excuse for the default (*see* CPLR 3012 [d]; *De Nooyer Chevrolet*

*v Polsinello Fuels*, 251 AD2d 871, 871; *Bedard v Najim*, 222 AD2d 979). In this case, the affidavit of defendant's Town Clerk was adequate to attribute this relatively brief delay to the inadvertent mishandling of the summons and complaint by newly-hired and inexperienced clerical personnel in the Town Clerk's office.

We note that plaintiffs failed to demonstrate either that the default was willful or that they were prejudiced thereby, and CPLR 3012 (d) does not require an affidavit of merit as a precondition to obtaining relief where, as here, the delay is of relatively short duration (*see Better v Town of Schodack*, 169 AD2d 965; *Continental Cas. Co. v Cozzolino Constr. Corp.*, 120 AD2d 779). In any event, plaintiffs' complaint and a police accident report submitted by defendant support its contention that Delmonte's failure to obey a yield sign may have been the primary or superseding cause of the collision. Thus, we find no basis for disturbing Supreme Court's decision to excuse defendant's default and deny plaintiffs a judgment by default.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.