ROBERT HUCKLE et al., Appellants, v CDH CORPORATION, Respondent. [817 NYS2d 707]—

Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 26, 2005 in Tompkins County, which, inter alia, denied plaintiffs' motion for a default judgment.

Plaintiffs, employees of Schweizer Aircraft Corporation, brought this action for personal injuries alleging that they were harmed by noxious fumes emanating from a floor covering applied by defendant at Schweizer on January 24, 2002. Defendant informed its liability carrier, National Grange Mutual Insurance Company, of the incident on April 24, 2002 and it

disclaimed coverage on May 21, 2002. After being served with a summons and complaint in January 2005, defendant forwarded these documents to National Grange, which again disclaimed coverage. By letter dated April 7, 2005, defendant notified National Grange that its disclaimer of coverage was without merit and that defendant did not intend to defend the action. It further notified National Grange that it had a conversation with plaintiffs' attorney wherein it was agreed that a default judgment would be entered against defendant to enable plaintiffs to enforce the judgment against National Grange pursuant to Insurance Law § 3420 (a) (2), so long as there would be no enforcement of that judgment against defendant. Acknowledging that there may be serious liability and damages involved with the claim, defendant suggested to National Grange that it enter an appearance in the action. Within a week, defendant entered into a stipulation with plaintiffs memorializing their agreement. Defendant assigned all of its rights and causes of action under its policy with National Grange to plaintiffs, making no representation that it had any rights or causes of action to actually assign. It did, however, state that "the disclaimer made by [its insurer] has not been withdraw [sic], waived or otherwise nullified." Notably, the stipulation stated, in very clear terms, that it was premised upon the fact that plaintiffs were injured and that National Grange disclaimed coverage.

Nothing was done for the next two months until National Grange changed its position about its prior disclaimer. It then contacted plaintiffs' attorney to see if plaintiffs would accept late service of an answer on defendant's behalf. Plaintiffs' counsel refused to accept late service and subsequently moved for, among other things, a default judgment pursuant to CPLR 3215, relying on the stipulation executed by the parties. Defendant successfully cross-moved for an order compelling plaintiffs to accept late service and this appeal ensued.

Acknowledging that public policy favors the resolution of cases on the merits and that Supreme Court is vested with the discretionary authority to permit late service of an answer upon a showing of a reasonable excuse for the delay and a meritorious cause of action (*see* CPLR 3012 [d]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]; *Loris v S & W Realty Corp.*, 16 AD3d 729, 730 [2005]; *Aabel v Town of Poughkeepsie*, 301 AD2d 739, 739 [2003]), we find no error. Supreme Court reasoned that National Grange's disclaimer of coverage in 2002, reiterated in 2005, did not void the policy for all purposes; defendant still regarded the policy as in full force and effect, even with respect to plaintiffs' claims as evidenced by its notification

to National Grange that it was not going to defend the action. Due to National Grange's disclaimer of coverage, defendant was placed in the unenviable position of having to execute the stipulation not only to protect itself, but also to allow plaintiffs to pursue a direct action against the insurer (*see* Insurance Law § 3420 [a] [2]). With no admission of liability in the stipulation and it being clear that the denial of coverage was the basis for their agreement, Supreme Court cannot be found to have abused its discretion in disregarding that agreement once the disclaimer of coverage was withdrawn (*see generally Isadore Rosen & Sons v Security Mut. Ins. Co. of N.Y.*, 31 NY2d 342, 348 [1972]; *cf. Krenitsky v Ludlow Motor Co.*, 276 App Div 511, 513-514 [1950], *lv dismissed* 301 NY 609 [1950]; *see Better v Town of Schodack*, 169 AD2d 965, 965 [1991]). We also reject the claim that the reasonableness of the delay should not have been considered because it was not properly asserted (*cf. N.A.S. Partnership v Kligerman*, 271 AD2d 922, 923 [2000]). Further lacking a viable claim of prejudice and there being a showing of a potentially meritorious defense (*see Loris v S & W Realty Corp., supra* at 731), we decline to disturb Supreme Court's order.

As to all further challenges, we have reviewed and rejected them as without merit.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.