■ Gregory D. Watson, Appellant, v Lionel J. Pollacchi, Respondent. [819 NYS2d 612]—

Cardona, P.J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered April 27, 2005 in Saratoga County, which, inter alia, granted defendant's motion to compel plaintiff to accept service of defendant's answer.

In July 2002, plaintiff and defendant jointly acquired approximately 120 acres of land in Saratoga County pursuant to a written agreement. Thereafter, plaintiff commenced this action against defendant alleging various defaults and breaches of the agreement. Defendant was personally served with the summons and complaint on December 8, 2004. Although defendant was required to serve the answer within 20 days (see CPLR 320 [a]), he failed to do so until January 18, 2005. Plaintiff rejected the answer as untimely and defendant moved to compel plaintiff to accept it pursuant to CPLR 3012 (d). Thereafter, plaintiff, by order to show cause, cross-moved for a default judgment. Supreme Court granted defendant's motion and denied plaintiff's request for relief, prompting this appeal.

Pursuant to CPLR 3012 (d), Supreme Court possesses the discretion to permit late service of an answer "upon a showing of reasonable excuse for delay or default." Here, while there is no question that defendant's excuse of law office failure could have been more clearly articulated, keeping in mind that "[p]ublic policy favors the resolution of cases on the merits" (Aabel v Town of Poughkeepsie, 301 AD2d 739, 739 [2003]), we conclude that the court did not abuse its discretion in accepting that excuse in this instance (see American Sec. Ins. Co. v Williams, 176 AD2d 1094, 1095 [1991]). Moreover, to the extent that an affidavit of merit was required despite the relatively brief delay herein (see Aabel v Town of Poughkeepsie, supra at 740), we find defendant's verified answer provided a sufficiently meritorious defense to plaintiff's complaint for that purpose (see CPLR 105 [u]; see also A & J Concrete Corp. v Arker, 54 NY2d 870, 872 [1981]; Aabel v Town of Poughkeepsie, supra at 740). Considering the above factors, combined with the absence of proof that the default was willful or that plaintiff was prejudiced as a result of the late answer (see BPS Mgt. Corp. v New York

*Tit. Ins. Co.*, 115 AD2d 921, 922 [1985]), we conclude that affirmance is appropriate (*see Aabel v Town of Poughkeepsie, supra* at 740; *Sippin v Gallardo*, 287 AD2d 703, 703-704 [2001]; *Skrabalak v Finn*, 258 AD2d 719, 720 [1999]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.