■ GAIL M. ACKER et al., Appellants, v GEOFFREY B. VAN EPPS et al., Respondents. [845 NYS2d 561]—

Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 3, 2007 in Albany County, which granted defendants' motion to vacate a default judgment entered against them.

On August 16, 2004, plaintiffs allegedly sustained damage to real and personal property located in the Town of Guilderland, Albany County. In December 2006, plaintiffs commenced the present action against defendant Geoffrey B. Van Epps and defendants Hiawatha Trails Golf Course, Inc. and Hiawatha Trails, LLC—of which Van Epps is the principal and sole shareholder—by summons and complaint personally served upon Van Epps, claiming that water run off from their property caused plaintiffs' property damage. Defendants failed to serve an answer or appear in the action and plaintiffs moved for a default judgment. There being no opposition, Supreme Court granted the motion. Thereafter, defendants promptly moved to vacate the default judgment, proffering the excuse that "the internal operations of the [d]efendants' insurance underwriters failed," and asserting as a defense a claim that weather conditions and road construction caused or contributed to plaintiffs' property damage. Supreme Court granted defendants' motion and plaintiffs now appeal.

"Vacatur of a default judgment lies within the discretion of the trial court, a determination that should not be disturbed unless it reflects an 'improvident exercise of discretion' " (*Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773 [2000], quoting *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d 853, 853 [1997]; *see Kranenburg v Butwell*, 34 AD3d 1005, 1006 [2006]). In order to vacate a default judgment pursuant to CPLR 5015 (a) (1), the movant must demonstrate both a reasonable excuse for the default and a meritorious defense (*see Kranenburg v Butwell*, 34 AD3d at 1006; *Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d at 773-774). Here, the record demonstrates that upon receiving the summons and complaint, Van Epps contacted his insurance agent, who immediately notified defendants' insurance underwriter, Fairway Underwriters, by fax. Van Epps stated that he did not receive any further communication or correspondence concerning the action until he was notified of the default judg-

ment against defendants in early March 2007,* at which time he again contacted his insurance agent who, in turn, directly contacted the insurer, Hanover Insurance Group. By the middle of that month, counsel had been retained for defendants by Hanover, an answer was prepared and a motion to vacate the default judgment had been filed. Mindful that the delay was brief and that there is no indication of prejudice inuring to plaintiffs or that the default was willful, the record clearly demonstrates that the fault for the failure to defend lies entirely with Fairway Underwriters and we perceive no error in Supreme Court's conclusion that defendants' excuse was reasonable (*see Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d at 774; *Hann v Morrison*, 247 AD2d 706, 707 [1998]; *Lucas v United Helpers Cedars Nursing Home*, 239 AD2d at 853). Moreover, considering that the Van Epps affidavit and supporting documentary evidence sufficiently make out the requisite " 'prima facie showing of legal merit' " to defendants' asserted defenses (*Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d at 774, quoting *David Sanders, P.C. v Sanders, Architects*, 140 AD2d 787, 789 [1988]), we decline to disturb Supreme Court's order.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that the record before us contains no evidence of proper notice to defendants of plaintiffs' motion for a default judgment.