Malone Jr., J.
Appeal from an order of the Supreme Court (O’Connor, J.), entered September 11, 2007 in Albany County, which, among other things, granted defendants’ cross motion to compel plaintiffs to accept service of defendants’ answer.
Plaintiffs commenced this action against defendants in September 2006 alleging, among other things, fraud, unjust enrichment and breach of an oral agreement allegedly entered *942 into between plaintiff George A. Rickert and John Chestara in August 1998 regarding the storage of certain motor vehicles in a barn then owned by defendant Mary Lou Chestara (hereinafter Chestara).* A dispute thereafter arose between Rickert and Chestara, and Rickert indicated that he would be removing the vehicles from the property. Ultimately, the property went into foreclosure and Chestara vacated the premises, at which point the vehicles apparently remained on the property. At some point thereafter, the vehicles disappeared from the barn, prompting the commencement of this lawsuit and related proceedings against Chestara and her boyfriend, defendant Steven Morse. An initial extension of time to answer was granted and, according to defendants’ counsel, a second extension was discussed with plaintiffs’ counsel. When no answer was forthcoming, plaintiffs moved for a default judgment, and defendants cross-moved to vacate the default and compel plaintiffs to accept service of their answer. Supreme Court denied plaintiffs’ motion and granted defendants’ cross motion, prompting this appeal.
We affirm. “Supreme Court is vested with the discretionary authority to permit late service of an answer upon a showing of a reasonable excuse for the delay and a meritorious cause of action” (Huckle v CDH Corp., 30 AD3d 878, 879 [2006] [citations omitted]; see CPLR 3012 [d]; Watson v Pollacchi, 32 AD3d 565 [2006]; Planck v SUNY Bd. of Trustees, 18 AD3d 988, 992 [2005], lv dismissed 5 NY3d 844 [2005]; De Nooyer Chevrolet v Polsinello Fuels, 251 AD2d 871 [1998]). To that end, “[w]hether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits” (Harcztark v Drive Variety, Inc., 21 AD 3d 876, 876-877 [2005]; see Aquilar v Nassau Health Care Corp., 40 AD3d 788, 789 [2007]). While defendants’ proffered excuses for the delay could have been stated with greater clarity, we are persuaded, based upon our review of the record as a whole, that they have both adequately explained the reason for the delay and demonstrated the existence of at least one meritorious defense. Moreover, plaintiffs have not asserted, and we are unable to discern, any resulting prejudice, and it is readily apparent that defendants did not intend to abandon their defense of this action. Under such circumstances, we cannot say that Supreme Court improvidently exercised its discretion in granting defendants’ cross motion to compel plaintiffs to *943 accept service of defendants’ answer (see Watson v Pollacchi, supra).
Cardona, EJ., Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

 John Chestara is the former spouse of defendant Mary Lou Chestara.