■ GEORGE C. DINSTBER III, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [906 NYS2d 636]—

Stein, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered January 23, 2009 in Cortland County, which, among other things, granted defendant's motion to extend its time to answer and to compel plaintiff to accept late service of the answer.

In January 2002, plaintiff notified defendant, his no-fault insurance carrier, of an accident wherein the car he was driving was struck from behind. Defendant denied coverage for the claim in July 2002. Almost six years later, plaintiff commenced this action for breach of contract and dealing in bad faith.

Plaintiff served a summons and verified complaint on the Insurance Department on July 29, 2008 pursuant to Insurance Law § 1212. However, defendant allegedly did not receive them until August 21, 2008. Although defendant served an answer on August 28, 2008, plaintiff rejected it because it was not verified. On September 4, 2008—one day after receiving plaintiff's letter of rejection—defendant served a second answer, virtually identical to the first but properly verified, which was rejected by plaintiff as untimely. Defendant then promptly moved to extend its time to answer and to compel plaintiff to accept late service thereof. Plaintiff cross-moved for a default judgment. Supreme Court granted defendant's motion—giving defendant 30 days to file, serve and file proof of service of the second answer—and denied plaintiff's cross motion. Plaintiff now appeals and we affirm.

Pursuant to CPLR 3012 (d), Supreme Court has the discretion to permit late service of an answer upon the demonstration of a reasonable excuse for the delay or default (*see Rickert v Chestara*, 56 AD3d 941, 942 [2008]; *Watson v Pollacchi*, 32 AD3d 565, 565 [2006]). "To that end, '[w]hether there is a reasonable

excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Rickert v Chestara*, 56 AD3d at 942, quoting *Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see Watson v Pollacchi*, 32 AD3d at 565). Also relevant is whether the untimely answer sets forth a meritorious defense to plaintiff's complaint (*see Rickert v Chestara*, 56 AD3d at 942; *Watson v Pollacchi*, 32 AD3d at 565).

Here, contrary to plaintiff's assertion, we find that defendant proffered both a reasonable excuse for its delay in serving a verified answer and a sufficiently meritorious defense to the claims. Defendant proffered several reasons for its delay. First, defendant submitted evidence that it did not actually receive the complaint from the Insurance Department until one week before the time to answer expired and that an incorrect date of service on the transmittal sheet caused further delay in the complaint being referred to counsel. After unsuccessfully attempting to contact plaintiff to obtain an extension of time to serve an answer, defendant effected such service one day after counsel's receipt of the complaint. Secondly, defendant alleged law office failure in neglecting to include the verification with the initial answer, which was timely served. In our view, these circumstances established a reasonable excuse for the default (*see* CPLR 2005).

We also note that defendant's answer set forth a myriad of defenses including, among others, failure to state a cause of action, failure to comply with the terms and conditions of the policy, fraud or perjury on plaintiff's part and that the claim is time-barred. In addition, defendant's attorney provided Supreme Court with the original denial of coverage letter, which set forth in detail the reasons why plaintiff's claim for benefits was denied. Such assertions set forth a sufficiently meritorious defense for purposes of defendant's motion (*see Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 774-775 [2000]).

In view of defendant's reasonable excuse for the default, the minimal delay, defendant's expeditious motion to compel acceptance of the answer, the absence of proof that the default was willful or any indication that plaintiff was prejudiced by the delay, and the existence of an arguably meritorious defense, we conclude that Supreme Court's decision to grant defendant's motion to extend the time to answer and to compel plaintiff to

accept service was a proper exercise of its discretion (*see Rickert v Chestara*, 56 AD3d at 942; *Acker v VanEpps*, 45 AD3d 1104, 1105, 1106 [2007]).

Plaintiff's remaining contentions, to the extent they are properly before us, have been considered and found to be unavailing.

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.