■ THOMAS PUCHNER, Appellants, v JASON NASTKE, Respondent, et al., Defendants. [936 NYS2d 792]—

Peters, J.P.

We affirm. Supreme Court possesses the discretion to permit late service of an answer upon a showing of a reasonable excuse

for the delay and a meritorious defense to the complaint (*see* CPLR 3012 [d]; *Williams v Charlew Constr. Co., Inc.*, 82 AD3d 1491, 1492 [2011]; *Kostun v Gower*, 61 AD3d 1307, 1308 [2009]; *Huckle v CDH Corp.*, 30 AD3d 878, 879 [2006]). "[W]hether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Rickert v Chestara*, 56 AD3d 941, 942 [2008] [internal quotation marks and citations omitted]; *accord Dinstber v Allstate Ins. Co.*, 75 AD3d 957, 957-958 [2010]; *see Watson v Pollacchi*, 32 AD3d 565, 565 [2006]).

Here, defendant averred that, for financial reasons, he initially attempted to represent himself in what he presumed would be a frivolous lawsuit. Shortly after being served with the summons with notice, defendant twice submitted a notice of appearance and a demand for a complaint, to which plaintiffs eventually responded. After receiving the complaint, which consisted of nearly 300 numbered paragraphs encompassing 18 causes of action, defendant realized that he could no longer handle the matter on a pro se basis and thus retained an attorney. Counsel promptly attempted service of an answer upon plaintiffs and, upon plaintiffs' rejection of the answer as untimely, expeditiously moved to compel acceptance thereof. Under these circumstances, defendant's delay in answering did not reflect willfulness and "it is readily apparent that defendant[ ] did not intend to abandon [his] defense of this action" (*Rickert v Chestara*, 56 AD3d at 942; *accord Kostun v Gower*, 61 AD3d at 1308; *see Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc.*, 80 AD3d 861, 864 [2011]). Nor have plaintiffs asserted, and we are unable to discern, any prejudice inuring to them as a result of defendant's relatively brief delay. Furthermore, the affidavits submitted by defendant in support of the motion and the proposed verified answer sufficiently demonstrated the existence of arguably meritorious defenses (*see Acker v VanEpps*, 45 AD3d 1104, 1106 [2007]).* In view of this and considering the public policy favoring resolution of cases on the merits, we cannot conclude that Supreme Court improvidently

---

* Although plaintiffs disputed certain factual allegations advanced by defendant in connection with his asserted meritorious defenses, defendant was only required to make a prima facie showing of legal merit to the defenses (*see Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 773 [2000]; *David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787, 789 [1988]). Thus, despite plaintiffs' assertions to the contrary, Supreme Court

exercised its discretion in granting defendant's cross motion to compel plaintiffs to accept service of his answer (*see Dinstber v Allstate Ins. Co.*, 75 AD3d at 958-959; *Kostun v Gower*, 61 AD3d at 1308; *Rickert v Chestara*, 56 AD3d at 942; *Acker v Van Epps*, 45 AD3d at 1105-1106; *Bardi v Mosher*, 235 AD2d 869, 870 [1997]).

Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

was not required to hold a hearing to resolve these factual issues before deciding the motion (*cf. Lopez v Northern Assur. Co. of Am.*, 290 AD2d 628, 629 [2002]; *Scielzi v Gold*, 213 AD2d 872, 873 [1995]).