# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

496

CA 10-02432

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JAMES GRIBBINS, BERNADETTE MEDIGE, JOHN MEDIGE,
NORMAN A. PIASECKI, PLAINTIFFS-APPELLANTS,
ET AL., PLAINTIFFS,

V        MEMORANDUM AND ORDER

RUSHFORD LAKE RECREATION DISTRICT (RLRD), ITS
BOARD OF COMMISSIONERS, AND IN THEIR INDIVIDUAL
CAPACITIES:  BRADLEY COON, RICHMOND HUBBARD,
MARGARET A. KRZYZANOWSKI, DAVID HIRSCH, DOUGLAS
CRANDALL, DEBORAH AUMICH,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

JOHN A. CAPPELLINI, CUBA, FOR PLAINTIFFS-APPELLANTS.

HOGAN WILLIG, PLLC, GETZVILLE (TAMMY L. RIDDLE OF COUNSEL), FOR
DEFENDANT-RESPONDENT BRADLEY COON.

UNDERBERG & KESSLER LLP, BUFFALO (COLIN D. RAMSEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS RUSHFORD LAKE RECREATION DISTRICT (RLRD), ITS
BOARD OF COMMISSIONERS, AND IN THEIR INDIVIDUAL CAPACITIES:  RICHMOND
HUBBARD, MARGARET A. KRZYZANOWSKI, DAVID HIRSCH, DOUGLAS CRANDALL, AND
DEBORAH AUMICH.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered July 8, 2010.  The order denied the
application of plaintiffs-appellants for a preliminary injunction,
vacated a temporary restraining order and compelled plaintiffs-
appellants to accept the late answer filed by defendants-respondents
Rushford Lake Recreation District (RLRD), its Board of Commissioners
and the members of the Board in their individual capacities:  Richmond
Hubbard, Margaret A. Krzyzanowski, David Hirsch, Douglas Crandall, and
Deborah Aumich.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs-appellants (plaintiffs), owners of non-
waterfront lots in defendant Rushford Lake Recreation District (RLRD),
commenced this action seeking, inter alia, injunctive and declaratory
relief requiring the RLRD to reinstate plaintiffs' dock licenses and
prevent the removal and destruction of their docks, which are situated
on lakefront property that abuts several waterfront lots owned by

defendant Bradley Coon.  Supreme Court thereafter granted plaintiffs a temporary restraining order (TRO) preventing the removal of their docks.  Plaintiffs appeal from an order that denied their application for a preliminary injunction, vacated the TRO and compelled plaintiffs to accept the late answer filed by defendants-respondents RLRD, its Board of Commissioners (Board) and the members of the Board in their individual capacities (collectively, RLRD defendants).  We affirm.

We conclude that the court properly required plaintiffs to accept the late answer of the RLRD defendants.  Contrary to plaintiffs' contention, the specific request made by counsel for the RLRD defendants that the court direct plaintiffs' counsel to accept the answer, while not made in a formal motion, was a sufficient "application . . . to . . . compel the acceptance of a pleading untimely served" pursuant to CPLR 3012 (d).  Because the RLRD defendants "provide[d] a reasonable excuse for the default and demonstrate[d] a meritorious defense to the action" (*Krieger v Cohan*, 18 AD3d 823, 824; *see Watson v Pollacchi*, 32 AD3d 565, 565; *Huckle v CDH Corp.*, 30 AD3d 878, 879), the court did not abuse its discretion in requiring plaintiffs to accept the late answer (*see Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 905, *lv dismissed* 5 NY3d 824, *lv denied* 7 NY3d 712).  We reject plaintiffs' further contention that the court acted without authority when it sua sponte stayed their applications for default pending the return date on their order to show cause seeking a preliminary injunction (*see generally* CPLR 2201; *Matter of Coburn v Coburn*, 109 AD2d 984, 985-986; *A.B. Med. Servs., PLLC v Travelers Indem. Co.*, 26 Misc 3d 69, 70-71).

Contrary to plaintiffs' contention, the court did not abuse its discretion in denying their application for a preliminary injunction and vacating the TRO (*see generally Marcone APW, LLC v Servall Co.*, 85 AD3d 1693, 1695; *Eastman Kodak Co. v Carmosino*, 77 AD3d 1434, 1435).  In order to obtain a preliminary injunction, "the part[ies] seeking such relief [must] demonstrate[]:  (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving part[ies'] favor" (*Doe v Axelrod*, 73 NY2d 748, 750).  Here, plaintiffs failed to demonstrate that they were likely to succeed on the merits because, inter alia, their dock licenses were revocable by the RLRD at any time and without cause.  Moreover, because plaintiffs "have an adequate remedy in the form of monetary damages," they failed to establish that they would sustain irreparable injury (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 220; *see D&W Diesel v McIntosh*, 307 AD2d 750, 751).  Finally, plaintiffs failed to demonstrate that the "balance of equities" was in their favor (*Doe*, 73 NY2d at 750).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court