■ George C. Dinstber III, Appellant, v Allstate Insurance Company, Respondent. [946 NYS2d 693]—

Stein, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered October 26, 2010 in Cortland County, which, among other things, denied plaintiff's motion to vacate a prior order.

Plaintiff commenced this action in July 2008 for, among other things, breach of contract arising out of a motor vehicle accident in January 2002. Although defendant timely served an answer, plaintiff rejected it because it was not verified. Defendant promptly moved for an extension of time to serve the answer, and plaintiff cross-moved for a default judgment. In January 2009, Supreme Court granted defendant's motion, directed defendant to serve and file "the complete original Verified Answer dated September 4, 2008," with proof of service, within 30 days, and denied plaintiff's cross motion. After this Court affirmed Supreme Court's January 2009 order (*Dinstber v Allstate Ins. Co.*, 75 AD3d 957, 958-959 [2010]), defendant moved for partial summary judgment. Plaintiff then moved, by order to show cause dated September 14, 2010, for leave to renew his motion for a default judgment based on defendant's failure to comply with the January 2009 order, to vacate the January 2009 order and for a default judgment against defendant as to liability, among other things. Supreme Court denied plaintiff's motion, deemed defendant's failure to comply with

the January 2009 order to be corrected, nunc pro tunc, so long as defendant paid plaintiff's costs in the amount of $850,[1] and scheduled a return date for defendant's summary judgment motion.[2] This appeal by plaintiff ensued.

We affirm. It is well settled that a court may, at any stage of an action, "permit a mistake, omission, defect or irregularity, including . . . [a] mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, [disregard] the mistake, omission, defect or irregularity" (CPLR 2001; *see Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 327-328 [2011]; *Ruffin v Lion Corp.*, 15 NY3d 578, 582-583 [2010]; *Johns v Van Brunt Motors, Inc.*, 89 AD3d 1188, 1189-1190 [2011]). Here, although defendant timely served plaintiff with another copy of the answer in February 2009, it failed to file the original answer and proof of service with the Cortland County Clerk's office until approximately one year later, when it discovered its error. When defendant attempted to correct its filing error, the affidavits of service accompanying each copy of the answer contained additional errors. Furthermore, plaintiff pointed out in his September 2010 order to show cause that the copy of the answer served on him in February 2009 was missing a page.

Contrary to plaintiff's contention, Supreme Court's sanction for defendant's failure to strictly comply with its January 2009 order in a timely manner was not an abuse of the court's discretion. In denying plaintiff's motion, Supreme Court correctly examined all relevant factors including, among others, the lack of any prejudice to plaintiff resulting from the foregoing errors. In determining that plaintiff's ability to prosecute his claim was not unduly compromised, Supreme Court considered that he had failed to demand service of a complete answer[3] —and, in fact, took no action with regard to defendant's filing and service errors until more than one year after they occurred—and that neither party served discovery demands during the pendency of plaintiff's first appeal to this Court. The record further reflects that the parties proceeded with their respective motions in late 2010. Moreover, Supreme Court took into account that defend-

---

**1.** Plaintiff does not dispute that defendant has made such payment.

**2.** Supreme Court's determination of such motion is now the subject of a separate appeal.

**3.** Notably, the copy of the answer that was originally served on plaintiff in 2008 apparently contained the page missing from the copy served in 2009. It also appears that plaintiff was provided with another complete copy of the answer prior to the order now appealed from (*see Ruffin v Lion Corp.*, 15 NY3d at 582-583; *Raschel v Rish*, 69 NY2d 694, 696 [1986]; *see also Key Bank Natl. Assn. v Stern*, 14 AD3d 656, 657 [2005]).

ant's errors caused some "unnecessary delay, confusion and motion practice," by requiring defendant's counsel to pay plaintiff's costs and expenses incurred in bringing the instant motion. In view of the absence of prejudice to plaintiff, the lack of any showing of willfulness on defendant's part, the strong public policy in favor of resolving cases on the merits (*see Puchner v Nastke*, 91 AD3d 1261, 1261-1262 [2012]; *Dinstber v Allstate Ins. Co.*, 75 AD3d at 957-958; *Rickert v Chestara*, 56 AD3d 941, 942 [2008]), and the fact that the answer appears to raise several meritorious defenses to the complaint (*see* CPLR 3012 [d]; *Puchner v Nastke*, 91 AD3d at 1261-1262; *Williams v Charlew Constr. Co., Inc.*, 82 AD3d 1491, 1492 [2011]; *Kostun v Gower*, 61 AD3d 1307, 1308 [2009]), Supreme Court properly exercised its discretion by permitting late filing and service of defendant's answer, conditioned on the payment of plaintiff's motion costs.

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.