# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**100**

**CA 13-00559**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JOHN REILLY,
PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CITY OF ROME, ROME POLICE DEPARTMENT, AND
JAMES MASUCCI, COMMISSIONER OF PUBLIC SAFETY,
RESPONDENTS-RESPONDENTS.

---

FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR
PETITIONER-APPELLANT.

COHEN & COHEN LLP, UTICA (RICHARD A. COHEN OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered June 13, 2012 in a proceeding pursuant to CPLR article 78. The order granted respondents' motion to vacate a default judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR article 78, petitioner appeals from an order granting respondents' motion to vacate a default judgment. We note at the outset that, although no appeal as of right lies from an intermediate order in a CPLR article 78 proceeding (*see* CPLR 5701 [b] [1]), we treat the notice of appeal as an application for leave to appeal from the order and grant the application (*see Matter of Conde v Aiello,* 204 AD2d 1029, 1029). It is well settled that the decision whether to vacate a default judgment is a matter within Supreme Court's discretion (*see Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831, 832-833). Here, given that respondents proffered a reasonable excuse for failing to serve a timely answer to the petition and demonstrated a meritorious defense (*see* CPLR 5015 [a] [1]; *Puchner v Nastke*, 91 AD3d 1261, 1261-1262), and considering the "strong public policy in favor of resolving cases on the merits" (*Moore v Day*, 55 AD3d 803, 804; *see Puchner*, 91 AD3d at 1262), we conclude that the court did not abuse its discretion in granting respondents' motion (*see Cavagnaro v Frontier Cent. Sch. Dist.*, 17 AD3d 1099, 1099). We note that, prior to the default, respondents engaged in settlement discussions with petitioner and filed a motion to dismiss the petition, thus evidencing a "good faith intent to defend" the proceeding on the merits (*Coven v Trust Co. of*

*N.J.*, 225 AD2d 576, 576), and we further note that petitioner was not prejudiced by the slight delay in answering the petition (*see Accetta v Simmons*, 108 AD3d 1096, 1097).

Entered:  February 14, 2014                        Frances E. Cafarell
                                                   Clerk of the Court