*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015          518957
_____

PETER L. STRUMPF,

                    Appellant,

        v

                                        MEMORANDUM AND ORDER

MASSACHUSETTS MUTUAL LIFE
    INSURANCE COMPANY,

                    Respondent.

_____


Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

                    _____


        Law Office of Nancy M. Eraca, Elmira (Nancy M. Eraca of
counsel), for appellant.

        d'Arcambal Ousley & Cuyler Burk, LLP, New York City (Aimee
L. Creed of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered April 2, 2014 in Chemung County, which, among other
things, accepted service of defendant's answer.

        Plaintiff commenced this breach of contract action against
defendant, his disability insurance carrier, in January 2014
seeking damages in excess of $500,000.  The parties thereafter
entered into a written stipulation extending defendant's time to
answer until February 24, 2014.  As that date approached, counsel
for defendant reached out to plaintiff's counsel to seek a
further extension.  After being advised that plaintiff's counsel
was out of the country and unreachable, defendant sought such
relief by order to show cause.  On February 24, 2014, Supreme

Court signed the order to show cause, staying the agreed-upon deadline for defendant to answer, move or otherwise respond pending determination of the motion. Plaintiff was served with the order to show cause the following day.

Upon returning to this country, plaintiff's counsel opposed defendant's application and cross-moved to vacate the stay provision. Two days prior to the return date of the order to show cause, defendant served its answer. As a result, Supreme Court deemed defendant's motion for an extension of time to answer to be moot and denied plaintiff's cross motion to vacate the stay. This appeal by plaintiff ensued.

We affirm. Preliminarily, although Supreme Court's order states that it deemed defendant's motion for an extension of time to answer to be moot, the court — by initially staying the agreed-upon deadline set forth in the parties' stipulation and thereafter accepting defendant's answer — effectively granted defendant's motion in this regard. Hence, our analysis will proceed accordingly.

Pursuant to CPLR 3012 (d), Supreme Court may — upon application of a party — "extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for [the] delay or default" (see Dinstber v Allstate Ins. Co., 75 AD3d 957, 957 [2010]; Watson v Pollacchi, 32 AD3d 565, 565 [2006]). Whether to grant a party's application in this regard is a matter committed to Supreme Court's sound discretion following due consideration of, among other things, the length of the delay, whether such delay was willful and whether the opposing party suffered prejudice as a result (cf. Dinstber v Allstate Ins. Co., 75 AD3d at 957-958; see generally Guzetti v City of New York, 32 AD3d 234, 238-240 [2006] [McGuire, J., concurring]). Here, the delay at issue was relatively brief, the record is devoid of proof that such delay was willful and defendant acted promptly to secure the original extension of time to answer and to thereafter seek — informally and via order to show cause — an additional extension of time. Additionally, plaintiff has not articulated — and we are unable to discern — any resulting prejudice. With these factors in mind, and in

light of the public policy favoring the resolution of disputes on the merits, we cannot say that Supreme Court abused its discretion in effectively granting defendant's motion and thereafter accepting service of defendant's answer (cf. Dinstber v Allstate Ins. Co., 96 AD3d 1198, 1200 [2012]; Watson v Pollacchi, 32 AD3d at 565-566; Planck v SUNY Bd. of Trustees, 18 AD3d 988, 992 [2005], lv dismissed 5 NY3d 844 [2005]). Finally, although an affidavit of merit was not required here due to the "relatively short" delay (Aabel v Town of Poughkeepsie, 301 AD2d 739, 740 [2003]; see Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals, 17 AD3d 904, 905 [2005], lv dismissed 5 NY3d 824 [2005], lv denied 7 NY3d 712 [2006]), even assuming — as plaintiff contends — that such an affidavit was required, defendant's detailed answer setting forth various affirmative defenses was sufficient for this purpose (see Dinstber v Allstate Ins. Co., 75 AD3d at 958; Watson v Pollacchi, 32 AD3d at 565).

As for the denial of plaintiff's cross motion to vacate the stay, we are satisfied that defendant made "a good faith effort" (22 NYCRR 202.7 [f]) to notify plaintiff of its request for a stay pending a determination of the underlying order to show cause. Finally, our review of the record reveals no basis upon which to impose sanctions against either party. The parties' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court