*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    519262
_____

ANTHONY DeMARCO & SONS
    NURSERY, LLC,
                        Appellant,

        v                                              MEMORANDUM AND ORDER

MAXIM CONSTRUCTION SERVICE
    CORPORATION,
                        Respondent,
                        et al.,
                        Defendants.
_____


Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.


_____


        Sheats & Bailey, PLLC, Brewerton (Jason B. Bailey of
counsel), for appellant.

        Cote & Van Dyke, LLP, Syracuse (Joanne Van Dyke of
counsel), for respondent.


_____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Guy, J.),
entered January 3, 2014 in Broome County, which, among other
things, granted a cross motion by defendant Maxim Construction
Service Corporation for an extension of time to answer the
complaint.

        Defendant Maxim Construction Service Corporation hired
plaintiff as a subcontractor to perform landscaping services on a
project.  On May 10, 2013, plaintiff served Maxim with a summons
and complaint seeking, among other things, to recover the

outstanding balance from its invoices.  When plaintiff did not receive an answer from Maxim, plaintiff mailed another copy of the summons and complaint to Maxim on July 12, 2013.  Not having received any response from Maxim by the end of August 2013, plaintiff made a motion that is not relevant to this appeal.  The return date for that motion was adjourned and, on November 6, 2013, Maxim cross-moved to, among other things, extend its time to answer the complaint.  Supreme Court, among other things, granted Maxim's cross motion and extended the time to serve an answer.  Plaintiff appeals.

Supreme Court did not abuse its discretion by granting Maxim's request for an extension of time to answer the complaint. Courts "possess[] the discretion to permit late service of an answer upon a showing of a reasonable excuse for the delay and a meritorious defense to the complaint" (Puchner v Nastke, 91 AD3d 1261, 1261-1262 [2012]; see CPLR 2004, 3012 [d]).  Factors for the motion court to consider include the extent of the delay, whether the opposing party suffered any prejudice, any proof of willfulness, and the strong public policy favoring the resolution of cases on their merits (see Puchner v Nastke, 91 AD3d at 1262). Regarding the meritorious defense, a defendant must demonstrate a prima facie showing of legal merit, but need not present all of its supporting proof or establish a defense as a matter of law (see Puchner v Nastke, 91 AD3d at 1262 n; Chase Manhattan Automotive Fin. Corp. v Allstate Ins. Co., 272 AD2d 772, 774 [2000]).

Here, Maxim did not submit its cross motion until approximately five months after the expiration of the time to answer.  Plaintiff asserts that it suffered prejudice because it is a small company and it faced significant financial hardship due to the large amount owed to it by Maxim.  Although plaintiff contends that Maxim willfully delayed in answering to drag out the litigation, Maxim's project manager averred that he was under the impression that Maxim was constrained in how it could respond to any legal action concerning this project because Maxim was involved with an investigation by the Attorney General regarding the project.  Maxim filed its cross motion shortly after hiring counsel.  As to the merits of Maxim's defense, the project manager's affidavit cited numerous alleged problems with

plaintiff's performance of its obligations under the contract, including the failure to perform certain duties and its overbilling for goods that were supplied.  This sworn statement from an individual with personal knowledge of the situation demonstrated a prima facie defense to plaintiff's complaint.  In its order, Supreme Court granted plaintiff legal fees and costs, offsetting a portion of any financial hardship.  Considering the five-month delay, only slight prejudice, competing assertions as to willfulness, the potentially meritorious defense and the policy of adjudicating matters on their merits, Supreme Court did not abuse its discretion in granting Maxim an extension of time to serve an answer (see Puchner v Nastke, 91 AD3d at 1262-1263; Dinstber v Allstate Ins. Co., 75 AD3d 957, 958-959 [2010]; compare Special Prods. Mfg. v Douglass, 159 AD2d 847, 848 [1990]).

Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court