# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 9, 2015                    519349
_____

THE BANK OF NEW YORK MELLON,
    Formerly Known as THE BANK
    OF NEW YORK, as Successor-in-
    Interest to JPMORGAN CHASE
    BANK, NATIONAL ASSOCIATION
    Formerly Known as JPMORGAN
    CHASE BANK, as Trustee for
    BEAR STEARNS ASSET BACKED
    SECURITIES TRUST 2003-3,
    ASSET BACKED CERTIFICATES,
    SERIES 2003-3,
                    Respondent,        MEMORANDUM AND ORDER
        v

LESLIE J. JINKS et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____


Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

    True Walsh & Sokoni, LLP, Ithaca (Khandikile M. Sokoni of
counsel), for appellants.

    Parker Ibrahim & Berg, LLC, New York City (Melinda Colon
Cox of counsel), for respondent.

_____

Clark, J.

Appeal from an order of the Supreme Court (Mulvey, J.), entered April 21, 2014 in Tompkins County, which, among other things, granted plaintiff's motion for an extension of time to serve a reply to certain counterclaims.

In November 1968, defendants Leslie J. Jinks and Marie Patricia Jinks (hereinafter collectively referred to as defendants) purchased a parcel of property located in the City of Ithaca, Tompkins County. Approximately 30 years later, defendants executed a note and mortgage on their property and, after a series of successive assignments, plaintiff became the holder of the note and mortgage. In August 2013, plaintiff commenced the instant action alleging that defendants were in default of their mortgage and seeking foreclosure of their home. Defendants answered and asserted counterclaims alleging, among other things, that plaintiff had unjustly modified their mortgage payment requirements and had misled defendants by requiring them to repeatedly complete onerous loan modification applications to no avail. After failing to timely reply to defendants' counterclaims, plaintiff moved for an extension of time to answer. Defendants opposed said motion and cross-moved for a default judgment against plaintiff. After a hearing, Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants now appeal arguing that Supreme Court abused its discretion in excusing plaintiff's default.

Pursuant to CPLR 3012 (d), Supreme Court possesses the discretion to extend a party's time to serve an answer "upon a showing of reasonable excuse for delay or default" (see Watson v Pollacchi, 32 AD3d 565, 565 [2006]; Amodeo v Gellert & Quartararo, P.C., 26 AD3d 705, 706 [2006]; Aabel v Town of Poughkeepsie, 301 AD2d 739, 739-740 [2003]). "Whether to grant a party's application in this regard is a matter committed to Supreme Court's sound discretion following due consideration of, among other things, the length of the delay, whether such delay was willful and whether the opposing party suffered prejudice as a result" (Strumpf v Massachusetts Mut. Life Ins. Co., 125 AD3d 1239, 1240 [2015] [citation omitted]; see Dinstber v Allstate Ins. Co., 75 AD3d 957, 957-958 [2010]).

Here, apparently at some point after being served with defendants' counterclaims, plaintiff's former counsel transferred plaintiff's file to another firm, Bryan Cave LLP.[1]  After defendants refused to grant plaintiff's request for a courtesy extension of time to answer – which defendants were well within their rights to do considering the time to answer had already passed at the time the request was made – Bryan Cave sought a court order, pursuant to CPLR 3012 (d), indicating that it had been only recently retained and that it needed more time to review the file.  No further information concerning the substitution of counsel or the transfer of the file was provided.

Although plaintiff's motion papers lacked specific details of the underlying circumstances, we discern no abuse of discretion in excusing its default.  Certainly, motions such as this should not simply be granted for the asking, and our preference is for more thorough motion practice.  However, we do not find the request for an extension by counsel, who was only recently retained, to be per se unreasonable, even absent the appreciated additional detail.  Furthermore, in light of the brief delay preceding plaintiff's motion, defendants' inability to identify any specific prejudice that would result should the extension be granted and the public policy in favor of resolving matters on the merits, granting plaintiff's motion was an appropriate exercise of discretion (see Strumpf v Massachusetts Mut. Life Ins. Co., 125 AD3d at 1240; compare 333 Cherry LLC v Northern Resorts, Inc., 66 AD3d 1176, 1177-1178 [2009]).  Accordingly, we affirm Supreme Court's order granting plaintiff's motion for an extension of time within which to serve an answer to defendants' counterclaims and denying defendants' cross motion for a default judgment.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

---

[1]  No notice of this change in attorneys, either formal or informal, appears in the record.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court