Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC (2018 NY Slip Op 08979)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC

2018 NY Slip Op 08979

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526180

[*1]GERSTER'S TRIPLE E. TOWING AND REPAIR, INC., Respondent,
vPISHON TRUCKING, LLC, et al., Appellants.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Umoh Law Firm, PLLC, New York City (Uwem Umoh of counsel), for appellants.
Saunders Kahler, LLP, Utica (Merritt S. Locke of counsel), for respondent.

MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Burns, J.), entered March 27, 2017 in Delaware County, which, among other things, partially granted plaintiff's motion for summary judgment.
In November 2013, a tractor trailer operated by defendant Pishon Trucking, LLC and owned by defendant Biniam Ghebreselassie was traveling on an interstate highway in the Town of Princetown, Delaware County when it slipped in the snowy conditions and went off the road. The cargo, cases of peanut butter, spilled onto the road, requiring a partial closure of the road. The State Police contacted plaintiff, its authorized towing company, which brought a crew and equipment to clear the road and remove the tractor trailer and its cargo to a storage facility. Upon defendants' failure to pay plaintiff's invoiced bill for the cleanup, towing and storage, plaintiff commenced this action by amended complaint with summons filed in July 2014 alleging causes of action in services rendered, quantum meruit and implied contract. Plaintiff sought $55,946.78 for its services and ongoing storage fees less credit for the lien proceeds from the sale of the tractor trailer. In September 2014, on defendants' motion, the action was removed to the US District Court for the Northern District of Texas, which found that venue was improper and remanded it to the Northern District of New York which, in turn, found that there was no basis for federal jurisdiction over the complaint and remanded the action to Supreme Court on June 2, 2016.
Although no answer had been filed, plaintiff moved for summary judgment in August 2016 and, in November 2016, defendants cross-moved for a continuance and for permission to file a late motion to dismiss the complaint. Supreme Court partially granted plaintiff's motion by awarding it summary judgment on liability on the second and third causes of action. The court denied defendants' cross motion. Defendants now appeal.
Supreme Court erred in granting plaintiff summary judgment because defendants never filed an answer and, thus, issue was not joined, a prerequisite that is "strictly adhered to" (City of [*2]Rochester v Chiarella, 65 NY2d 92, 101 [1985]; accord Cremosa Food Co., LLC v Amella, 164 AD3d 1300, 1300 [2018]; see CPLR 3212 [a]; JBBNY, LLC v Begum, 156 AD3d 769, 770 [2017]; Pilatich v Town of New Baltimore, 100 AD3d 1248, 1250 [2012]; Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010, 1012 [2009]). Further, summary judgment was not granted here pursuant to CPLR 3211 (c)[FN1]. Even if defendants are deemed to have appeared by filing a notice of removal of the action to federal court or by other conduct (see CPLR 320 [a]), they did not file a responsive pleading (see CPLR 3011) and, consequently, plaintiff was barred from seeking summary judgment (see CPLR 3212 [a]; JBBNY, Inc. v Begum, 156 AD3d at 770-771; 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653, 653 [2010]).
However, we find no error in Supreme Court's denial of defendants' cross motion. To begin, contrary to defendants' claims on appeal, their cross motion did not request permission to file a late answer and no proposed answer was attached. Rather, the cross motion only sought a continuance and permission to file a late, pre-answer motion to dismiss [FN2]. Moreover, the action, commenced in July 2014, was remanded to Supreme Court on June 2, 2016, and defendants took no action to file either an answer or any motions until after plaintiff moved for summary judgment in August 2016, waiting until November 2016 to make their cross motion. Even if, as defendants argue, the remand proceedings tolled their time to file responsive pleadings or a motion to dismiss, defendants failed to thereafter timely serve an answer (see CPLR 3012) or to move to dismiss within that time (see CPLR 3211 [e]).
Although Supreme Court possessed discretion to permit late service of an answer "upon a showing of [a] reasonable excuse for [the] delay or default" (CPLR 3012 [d]; see Bank of N.Y. Mellon v Jinks, 127 AD3d 1367, 1368 [2015]), the reasonableness of the excuse "is a discretionary, sui generis determination to be made by the court based on all relevant factors" (Puchner v Nastke, 91 AD3d 1261, 1262 [2012] [internal quotation marks and citations omitted]). A November 26, 2016 affidavit in support of the cross motion from defendants' counsel, who did not have personal knowledge of many of the allegations in the complaint, was the only affidavit submitted in support of that cross motion. Counsel merely conclusorily averred that Pishon's chief executive officer was out of the country "since late August or early September" and that counsel had been "unable to reach him." Even if credited, that assertion would not explain defendants' failure to submit a timely responsive pleading or pre-answer motion after the June 2, 2016 remand. We discern no basis for finding that Supreme Court abused its discretion in denying defendants' motion, given the absence of a reasonable excuse for the delay (see CPLR 3012 [d]; 2004; HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 976 [2013], lv dismissed 21 NY3d 956 [2013]; compare Loughran v Giannoti, 160 AD3d 709, 710 [2018]; Bank of N.Y. Mellon v Jinks, 127 AD3d at 1368-1369).
Accordingly, given that defendants are precluded from answering the complaint, the matter must be remitted to Supreme Court to afford plaintiff an opportunity to make a late motion for a default judgment or for the parties to apply for any other relief they deem advisable, matters on which we take no position (see CPLR 2004; 3215; Ibrahim v Nablus Sweets Corp., [*3]161 AD3d 961, 962-963 [2018]; Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417, 417-418 [2016]; Dayco Mech. Servs., Inc. v Toscani, 94 AD3d 1214, 1214-1215 [2012]; see also HSBC Bank USA, N.A. v Seidner, 159 AD3d 1035, 1035-1036 [2018]; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849 [2018]; Fuentes v Hoffman, 118 AD3d 1324, 1325-1326 [2014]).
Devine, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion for summary judgment; motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
Footnotes

Footnote 1: Although a court may convert a motion to dismiss to a motion for summary judgment prior to joinder of issue (see CPLR 3211 [c]), Supreme Court plainly did not do so here. Rather, the court denied defendants' motion to file a late motion to dismiss and did not convert that motion to one for summary judgment; further, the court only addressed the merits of plaintiff's improper pre-answer summary judgment motion (see CPLR 3211 [c]; Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1223-1224 [2013]; see also Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]).

Footnote 2: Defendants' motion specifically requested a "continuance to file [a] motion to dismiss," an "extension of time to file [a] motion to dismiss" and an "extension of time to refile [a] motion to dismiss." The reference to refiling stems from the assertion that defendants had moved to dismiss the complaint in federal court, a motion that was reportedly denied as moot before the action was remanded to Supreme Court.