SNL Leaseholder LLC v Oakdale Rd. Holdings LLC (2022 NY Slip Op 06673)

SNL Leaseholder LLC v Oakdale Rd. Holdings LLC

2022 NY Slip Op 06673

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

535035
[*1]SNL Leaseholder LLC, Appellant,
v
Oakdale Road Holdings LLC, Respondent.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

David Bolton, PC, Garden City (David Bolton of counsel), for appellant.
Harris Beach PLLC, Syracuse (Julian B. Modesti of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Eugene D. Faughnan, J.), entered March 4, 2022 in Broome County, which, among other things, denied plaintiff's motion for a default judgment.
In March 2020, plaintiff leased commercial property from defendant. The lease agreement required defendant to make certain repairs and renovations to the property. Under the terms of the agreement, plaintiff was obligated to remit periodic payments for the renovations and rent would be abated until defendant substantially completed the work and obtained a certificate of occupancy. If defendant delayed or failed to complete the renovations, plaintiff could terminate the lease. In October 2020, the parties executed an amendment of the lease extending defendant's time to substantially complete the renovations and obtain a certificate of occupancy until December 31, 2020.
On July 3, 2021, plaintiff notified defendant that it was exercising its right to terminate the lease. On the same day, plaintiff commenced an action in Supreme Court, Nassau County seeking a declaratory judgment and a money judgment, based on defendant's breach of the lease for failure to substantially complete the repairs and renovations in a timely manner. Defendant immediately filed a demand for change of venue and, within a week, moved to change venue. While the motion was pending, defendant sought from plaintiff an extension to serve an answer. Plaintiff agreed to extend defendant's time to answer until August 27, 2021. In the meantime, defendant retained new counsel in the matter, and said counsel filed a consent to change attorney on August 25, 2021. On September 3, 2021, defendant's new counsel requested a second extension to serve an answer until September 30, 2021, which plaintiff denied. Thereafter, defendant contacted Supreme Court, Nassau County seeking an extension. A September 15, 2021 order of Supreme Court, Nassau County (Driscoll, J.) transferred the matter to Broome County, but failed to address defendant's request for an extension. Defendant served an answer on September 27, 2021, which plaintiff rejected as untimely. Plaintiff subsequently moved for default judgment, and defendant cross-moved for, among other things, an order compelling plaintiff to accept the answer. Supreme Court, Broome County (Faughnan, J.) denied plaintiff's motion and granted defendant's cross motion, prompting this appeal by plaintiff.
Plaintiff contends that Supreme Court erred in denying its motion for default judgment and in compelling it to accept defendant's answer. We disagree. A court may compel the acceptance of an answer untimely served upon such terms as may be just and upon a showing of a reasonable excuse for the delay or default (see CPLR 3012 [d]). "Whether a reasonable excuse exists is a determination to be made based on various factors, including the extent of the delay, the prejudice to the opposing party, whether there has been any willfulness and whether . . . the untimely answer sets [*2]forth a meritorious defense" (Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1273-1274 [3d Dept 2022] [citations omitted]; see Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d 1105, 1105 [3d Dept 2015]).
Although defendant's proffered excuses for the delay could have been stated with greater clarity, we discern no abuse of discretion by Supreme Court in excusing its default (see Rickert v Chestara, 56 AD3d 941, 942 [3d Dept 2008]). We are persuaded, based upon our review of the record as a whole, that defendant's delay in answering was not willful, and it is readily apparent, based upon its actions in seeking to transfer venue and twice requesting an extension from plaintiff to serve an answer, that defendant did not intend to abandon its defense of the action. Nor has plaintiff asserted, and we are unable to discern, any prejudice inuring to it as a result of defendant's extremely brief delay in answering. Moreover, as defendant is only required to make a prima facie showing of legal merit to the defenses, but need not present all of its supporting proof or establish a defense as a matter of law, the affidavit submitted by defendant in support of the motion and the proposed answer sufficiently demonstrate the existence of an arguably meritorious defense. In considering these factors and in light of the public policy favoring the resolution of disputes on the merits, we affirm Supreme Court's order granting defendant's cross motion for an extension of time within which to serve an answer and denying plaintiff's motion for a default judgment (see Bank of N.Y. Mellon v Jinks, 127 AD3d 1367, 1369 [3d Dept 2015]; Strumpf v Massachusetts Mut. Life Ins. Co., 125 AD3d 1239, 1240 [3d Dept 2015]; Puchner v Nastke, 91 AD3d 1261, 1262-1263 [3d Dept 2012]). Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.