Stevens v CG Ellis Corp. (2025 NY Slip Op 01272)

Stevens v CG Ellis Corp.

2025 NY Slip Op 01272

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-24-0297
[*1]Jason Stevens, Respondent,
v
CG Ellis Corporation, Individually and Doing Business as Ellis Medicine and Medical Center of Clifton Park, Defendant, and Roger A. Barrowman, Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

Heidell, Pittoni, Murphy & Bach, LLP, Albany (Marshall S. Broad of counsel), for appellant.
Poissant, Nichols, Grue, Vanier & Babbie, PC, Malone (Stephen A. Vanier of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Allison McGahay, J.), entered January 11, 2024 in Essex County, which, among other things, granted plaintiff's motion for an extension of time to serve the summons and complaint upon defendant Roger A. Barrowman.
Plaintiff commenced this medical malpractice action on November 10, 2022 by filing a summons and complaint in the Essex County Clerk's office naming CG Ellis Corporation (hereinafter CG Ellis), as a corporate entity and d/b/a/ Ellis Medicine and Medical Center of Clifton Park, and Roger A. Barrowman as defendants (see CPLR 304 [a]). The complaint alleged that Barrowman negligently failed to diagnose plaintiff with a deep vein thrombosis and pulmonary embolism after he presented to the Medical Center of Clifton Park on May 14 and 19, 2020 with pain in his left calf and a cough that was producing blood. Plaintiff proceeded against CG Ellis — Barrowman's purported employer — under a theory of vicarious liability.
On December 6, 2022, plaintiff served CG Ellis by delivering a copy of the summons and complaint to the Secretary of State in accordance with Business Corporation Law § 306. CG Ellis having failed to appear, on March 16, 2023, plaintiff mailed a copy of the summons and complaint, along with a notice of the December 2022 service, to the address on file with the Secretary of State for CG Ellis (see CPLR 3215 [4]).[FN1]
On April 17, 2023, Ellis Hospital and Barrowman collectively moved to dismiss the complaint for lack of personal jurisdiction (see CPLR 3211 [a] [8]), asserting that they had not been served with process within the 120-day statutory deadline imposed by CPLR 306-b. Annexed to the motion was an affidavit of Marc D. Messick, the Chief Financial Officer at Ellis Hospital d/b/a Ellis Medicine, explaining that CG Ellis is not affiliated with Ellis Hospital d/b/a Ellis Medicine or the Medical Center of Clifton Park and that the actual legal entity is Ellis Hospital. Mesick further explained that "The Medical Center of Clifton Park" is not a separate legal entity, but the name assigned to the Clifton Park medical facility. A corresponding affidavit from Michele Cournan, the Director of Quality/Risk at Ellis Hospital d/b/a Ellis Medicine, confirmed that Ellis Hospital first learned of the lawsuit when it received the March 16, 2023 mailing providing a copy of the summons and complaint filed with the Secretary of State. Barrowman, for his part, submitted an affidavit dated April 13, 2023 in which he averred that he was never personally served with process and had "no knowledge of the summons and complaint being delivered to anyone at [his] place of business."
On June 13, 2023, plaintiff cross-moved for leave to amend the caption to name the correct corporate defendant, i.e., Ellis Hospital, and for the court to deem the claims interposed as against Ellis Hospital relating back to December 6, 2022, i.e., the date process was served on the Secretary of State. Plaintiff represented in these [*2]papers that, "[t]o the extent . . . Barrowman . . . has not been served, [p]laintiff plans to simply proceed against [the corporate entity] on the basis of [its] vicarious liability."
In opposition papers filed on June 23, 2023, Barrowman argued that the action against him should be dismissed since he was never served with process, plaintiff was not seeking an extension of time to do so, and plaintiff represented that he intended to proceed solely against the hospital. Ellis Hospital, for its part, opposed plaintiff's motion to amend the caption to add it as a party and to apply the relation-back doctrine on the ground that he was impermissibly seeking to add an entirely separate legal entity after the statute of limitations had run. With these motions still pending in September 2023, plaintiff moved by order to show cause for an extension of time to serve Barrowman pursuant to CPLR 306-b.
By decision and order entered January 11, 2024, Supreme Court denied plaintiff's cross-motion to amend the caption to substitute Ellis Hospital as the correct entity, granted so much of defendants' motion as sought to dismiss the complaint against the corporate defendant, and denied so much of defendants' motion as sought to dismiss the complaint against Barrowman. As for Barrowman, the court concluded that plaintiff failed to establish good cause for an extension of time to effectuate service, but that an extension should nevertheless be granted in the interest of justice under CPLR 306-b. While the court recognized that plaintiff was not diligent in moving for an extension and that the statute of limitations had expired, it emphasized plaintiff's reasonable confusion regarding Barrowman's employer given that Ellis Hospital and CG Ellis had the same mailing address. The court further noted that Barrowman was aware of the action by at least April 2023, and stressed that plaintiff would have no legal recourse if an extension was not granted. Only Barrowman appeals.
Pursuant to CPLR 306-b, a copy of the summons and complaint must be served upon a defendant within 120 days of the filing of an action. An extension of time to effectuate service beyond this deadline may be granted, on motion, "upon good cause shown or in the interest of justice" (CPLR 306-b). The trial court's determination whether to grant such a motion is discretionary and reviewed on appeal for an abuse of discretion (see Leader v Maroni, Ponzini & Spencer, 97 NY2d 95, 101 [2001]). Whether to grant an extension in the interest of justice "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the [s]tatute of [l]imitations[*3], the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (id. at 105).
As an initial matter, the parties and Supreme Court erroneously concluded that the statute of limitations expired in November 2022 — i.e., 2½ years from May 2020 (see CPLR 214-a) — without accounting for the toll that was in effect between March 20, 2020 and November 3, 2020 as a result of the COVID-19 pandemic (see Matter of Roach v Cornell Univ., 207 AD3d 931, 932 [3d Dept 2022]; Brash v Richards, 195 AD3d 582, 585 [2d Dept 2021]). Applying the toll, the statute of limitations began to run on November 4, 2020, and expired on May 5, 2023, about four months before plaintiff first made his extension request.
We recognize that plaintiff initially made no viable effort to serve Barrowman, even representing in his cross-motion that he intended to proceed solely against the hospital. Plaintiff's decision to change course and seek the extension in September 2023 was also tardy. At the same time, certain factors weigh in plaintiff's favor. The statute of limitations expired in May 2023, not in November 2022 as defendants asserted. As noted by Supreme Court, the medical records pertaining to this action still exist, no showing has been made that the service delay has hindered Barrowman's ability to defend against the action, and there is a strong public policy in favor of deciding cases on the merits (see Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d 1105, 1105 [3d Dept 2015]). Barrowman was aware of the action by at least April 2023 — only a short time after the 120-day service deadline had run, and before the statute of limitations had expired. Barrowman's further assertion that the claim lacks merit because he is immune from liability pursuant to the Emergency or Disaster Treatment Protection Act (see Public Health Law former art 30-D, §§ 3080-3082) was not raised before Supreme Court and cannot be raised for the first time on appeal (see JP Morgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1485 n 1 [3d Dept 2020], affd 37 NY3d 1038 [2021]). In any event, simply because Barrowman rendered medical care to plaintiff during the early stages of the COVID-19 pandemic does not establish an immunity defense as a matter of law (see Holder v Jacob, 231 AD3d 78, 88-89 [1st Dept 2024]). At this juncture and on this record, resolution of the immunity question is premature (see id.). Although close, in these circumstances, we cannot conclude that Supreme Court abused its discretion as a matter of law in granting the extension request in the interest of justice.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The record shows that CG Ellis and Ellis Hospital have the same mailing address.