Lederfeind v Panessa
2026 NY Slip Op 03714
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Moshe Lederfeind et al., Appellants,
v
Bartholomew Panessa et al., Respondents.

Decided and Entered:June 11, 2026
CV-25-0092
Calendar Date: April 28, 2026
Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Furia Law LLC, New York City (Philip J. Furia of counsel), for appellants.
Salazar and Erikson, LLP, East Greenbush (Dana L. Salazar of counsel), for respondents.

[*1]
Ryba, J.
Appeal from a judgment of the Supreme Court (James Gilpatric, J.), entered May 30, 2023 in Ulster County, which, among other things, granted defendants' motion for a default judgment on their counterclaims.
In March 2020, defendants entered into an asset purchase agreement to sell defendant Bartholomew Panessa's vitamin and supplement business along with its inventory of protein powder to plaintiff Moshe Lederfeind for the sum of $1,595,000. Lederfeind formed plaintiff Goliath Laboratories LLC for the purpose of operating the business, and together they financed the purchase by executing two promissory notes in favor of Panessa. The first promissory note in the amount of $1,095,000 represented the value of the business, while the second promissory note in the amount of $353,691.82 represented the value of product inventory based upon Panessa's certification that the products contained a specified concentration of protein. Upon receiving the inventory, Lederfeind obtained an independent laboratory analysis of the products which revealed substantially lower protein levels than Panessa represented at the time of the sale. Lederfeind sought to rescind the sale and Panessa refused, prompting Lederfeind to cease payments on the promissory notes. The parties thereafter commenced separate competing actions, with defendants filing a motion for summary judgment in lieu of complaint seeking the amount due under the second promissory note (hereinafter the Panessa action), and plaintiffs alleging causes of action for breach of contract, unjust enrichment and a declaratory judgment that the entire transaction was void due to Panessa's alleged fraudulent misrepresentations concerning the protein content in the product inventory (hereinafter the Lederfeind action). In the Panessa action, Supreme Court granted the motion for summary judgment in lieu of complaint and entered judgment for the full amount due under the second promissory note, plus interest and fees. On appeal, this Court reversed upon finding that material questions of fact existed as to whether Lederfeind was fraudulently induced into executing the second promissory note (Panessa v Lederfeind, 231 AD3d 1373, 1375-1376 [3d Dept 2024]). That action remains pending before Supreme Court.
Meanwhile, in the Lederfeind action, defendants served an answer containing counterclaims alleging unjust enrichment and breach of contract based upon plaintiffs' alleged default under the first promissory note. When plaintiffs failed to serve a timely reply, defendants moved for, among other things, a default judgment in their favor on the counterclaims. Alleging a reasonable excuse for the delay and a meritorious defense, plaintiffs opposed the motion and cross-moved for an order compelling defendants to accept their answer to the counterclaims. In an April 2023 order, Supreme Court granted that portion of defendants' motion seeking a default judgment on the counterclaims and denied plaintiffs' cross-motion, finding [*2]that plaintiffs failed to demonstrate a reasonable excuse for their default and a meritorious defense. In May 2023, judgment was entered against plaintiffs for the full amount owed under the first promissory note, plus interest, costs and counsel fees. Plaintiffs appeal from the May 2023 judgment.FN1
Contrary to defendants' contention, the April 2023 order was nonfinal, as it disposed only of defendants' counterclaims and not all causes of action between the parties (see Burke v Crosson, 85 NY2d 10, 15 [1995]; Lai v Montes, 182 AD3d 646, 647-648 [3d Dept 2020]). Inasmuch as the order necessarily affected the May 2023 judgment, it is properly before this Court on plaintiffs' appeal from that judgment (see CPLR 5501 [a] [1]; Lai v Montes, 182 AD3d at 647-648; Kosich v Catskill Millennium Tech., 97 AD3d 1003, 1004 [3d Dept 2012], lv denied 19 NY3d 816 [2012]). Turning to the merits, a party opposing a motion for a default judgment must demonstrate both a reasonable excuse for the delay and the existence of a potentially meritorious defense (see SNL Leaseholder LLC v Oakdale Road Holdings LLC, 210 AD3d 1355, 1356 [3d Dept 2022]; Koston v Gower, 61 AD3d 1307, 1307 [3d Dept 2009]). The reasonableness of the proffered excuse is assessed in light of all relevant factors, including the length of the delay, any prejudice to the opposing party, whether the default was willful and the strong public policy favoring resolution on the merits (see Darling v Fernette, 234 AD3d 1230, 1231 [3d Dept 2025]; Zoom Tan, Inc. v Monforte, 227 AD3d 1237, 1237 [3d Dept 2024]; Matter of VW Credit, Inc. v Michael's Auto. Tech, 227 AD3d 1251, 1253 [3d Dept 2024]). Here, the record reflects that the parties began settlement discussions several months prior to the service of defendants' counterclaims, and that those discussions continued even after plaintiffs' time to reply had expired. Notably, defendants tendered a settlement offer mere days before filing the motion for a default judgment. This evidence, together with the relatively brief delay of approximately six weeks and the absence of any demonstrated prejudice, establishes that plaintiffs' failure to timely reply was not willful, but rather an isolated oversight (see Darling v Fernette, 234 AD3d at 1231). In light of the strong public policy favoring determinations on the merits, Supreme Court's perfunctory conclusion that plaintiffs failed to demonstrate a reasonable excuse for their default constituted an abuse of discretion (see Darling v Fernette, 234 AD3d at 1231; Zoom Tan, Inc. v Monforte, 227 AD3d at 1238; Puchner v Nastke, 91 AD3d 1261, 1262-1263 [3d Dept 2012]).
Similarly, Supreme Court abused its discretion in concluding that plaintiffs failed to demonstrate a potentially meritorious defense to defendants' counterclaims. The quantum of proof necessary to establish a meritorious defense is minimal (see Darling v Fernette, 234 AD3d at 1231; Zoom Tan, Inc. v Monforte, 227 AD3d at 1238; Luderowski v Sexton, 152 AD3d [*3]918, 920 [3d Dept 2017]). A party need only make a prima facie showing of legal merit, rather than submit all supporting evidence to establish its defense as a matter of law (see Darling v Fernette, 234 AD3d at 1232; SNL Leaseholder LLC v Oakdale Road Holdings, 210 AD3d at 1357; Bank of N.Y. v Richards, 192 AD3d 1228, 1230 [3d Dept 2021]). Here, plaintiffs submitted documentary proof revealing a substantial discrepancy between the laboratory analysis provided by defendants prior to the sale and the independent testing obtained by plaintiffs. Plaintiffs also proffered sworn statements from Lederfeind attesting that, among other things, Panessa admitted to falsifying nutrient information on product inventory, blocked Lederfeind's computer access to company accounts, removed inventory and documents from his warehouse, and continued to sell company products in violation of the asset purchase agreement. Indeed, Lederfeind contends that Panessa continues to operate the very business he purportedly sold to plaintiffs, while simultaneously obtaining a judgment against them for failing to pay for the business pursuant to the contract. This evidence was sufficient to establish a potentially meritorious defense to liability grounded in fraudulent inducement and breach of contract (see Panessa v Lederfeind, 231 AD3d at 1375-1376; Darling v Fernette, 234 AD3d at 1231; Zoom Tan, Inc. v Monforte, 227 AD3d at 1238; Lai v Montes, 182 AD3d at 649-650). Accordingly, Supreme Court improvidently exercised its discretion in granting defendants' motion for a default judgment and denying plaintiffs' cross-motion to compel acceptance of their answer.
Defendants' remaining contentions, to the extent not previously addressed, have been examined and found to be unpersuasive.
Garry, P.J., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, defendants' motion is denied, plaintiffs' cross-motion is granted and their answer to the counterclaims is deemed timely served.

Footnotes

Footnote 1
Due to plaintiffs' failure to directly appeal from the April 2023 order, defendants moved to dismiss this appeal or, in the alternative, for an order limiting appellate review to issues addressed in the May 2023 judgment. We denied the motion without prejudice to defendants' arguments being raised on appeal.